# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KEYON PRUITT-BOYETTE,

        Petitioner,

    v.

WILLIAM P. BARR,

        Respondent.

No. 4:20-CV-01122

(Judge Brann)

## ORDER

### JULY 10, 2020

**AND NOW**, upon preliminary consideration of the petition for writ of habeas corpus pursuant 28 U.S.C. § 2241[1] filed by Petitioner Keyon Pruitt-Boyette ("Petitioner") in which he challenges his federal conviction and sentence entered in the United States District Court for the Western District of New York[2] on the grounds that, *inter alia*, Respondent failed to prove beyond a reasonable doubt that he was subject to federal investigation, indictment, prosecution, trial, judgment,

---

[1]  "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of Rules Governing Section 2254 Cases in the United States District Court.  Rule 1(b) permits application of rules to habeas corpus petitions pursuant to 28 U.S.C.  § 2241.

[2]  Doc. 1; https://ecf.nywd.uscourts.gov/doc1/12914696646, *United States v. Pruitt-Boyette*, No. 1-17CR159-001 (W.D. NY.), Doc. 222, Amended Judgment in a Criminal Case indicating Petitioner plead guilty to Count 1 of the Indictment, Conspiracy to Possess with Intent to Distribute, and to Distribute, 28 Grams or More of Cocaine Base in violation of 21 U.S.C. § 846, 21 U.S.C. § 846(b)(1)(B), and 21 U.S.C. § 841(a)(1) and imposing a term of imprisonment of 70 months.

conviction, and imprisonment, and failed to overcome the presumption of
innocence,[3] and it appearing from the criminal case electronic docket[4] that the
sentencing court entered the amended judgment on September 10, 2019, and that
Petitioner has not filed a Motion to Vacate, Set Aside, or Correct Sentence, pursuant
to 28 U.S.C. § 2255 in the sentencing court, and it appearing that challenges to the
legality of federal convictions or sentences that are allegedly in violation of the
Constitution may generally be brought only in the district of sentencing pursuant to
28 U.S.C. § 2255,[5] and it further appearing that there is nothing that would indicate
that the remedy by motion under § 2255 would be inadequate or ineffective such
that the matter should be considered pursuant to §2241,[6] and it being well-settled
that if a petitioner improperly challenges a federal conviction or sentence under §

---

[3]   Doc. 1, pp. 28, 44, 62, 78, 105.

[4]   https://ecf.nywd.uscourts.gov

[5]   "Our Circuit permits access to § 2241 when two conditions are satisfied: First, a prisoner
must assert a "claim of 'actual innocence' on the theory that 'he is being detained for conduct
that has subsequently been rendered non-criminal by an intervening Supreme Court decision'
and our own precedent construing an intervening Supreme Court decision"—in other words,
when there is a change in statutory caselaw that applies retroactively in cases on collateral
review. [*United States v.*] *Tyler*, 732 F.3d [241] at 246 [(3d Cir. 2013)] (quoting *Dorsainvil*,
119 F.3d [245], at 252 [3d Cir. 1997]). And second, the prisoner must be "otherwise barred
from challenging the legality of the conviction under § 2255." *Id.* Stated differently, the
prisoner has "had no earlier opportunity to challenge his conviction for a crime that an
intervening change in substantive law may negate." *Dorsainvi*l, 119 F.3d at 251." *Bruce v.
Warden Lewisburg USP*, 868 F.3d 170, 180 (3d Cir. 2017).

[6]   Importantly, § 2255 is not "inadequate or ineffective" merely because the sentencing court
has previously denied relief. *See Dorsainvil*, 119 F.3d at 251. Nor do legislative limitations,
such as statutes of limitation or gatekeeping provisions, placed on § 2255 proceedings render
the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in
this court. *Cradle v. United States*, 290 F.3d 536, 539 (3d Cir. 2002); *United States v.
Brooks*, 230 F.3d 643, 647 (3d Cir. 2000); *Dorsainvi*l, 119 F.3d at 251.

2241, as is the case here, the petition must be dismissed for lack of jurisdiction,[7] **IT**

**IS HEREBY ORDERED** that:

1.  The petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED** for lack of jurisdiction.

2.  The dismissal is without prejudice to Petitioner's right to seek relief in the sentencing court.

3.  The Clerk of Court is directed to NOTIFY the Petitioner and **CLOSE** this case.

BY THE COURT:


_s/ Matthew W. Brann_
Matthew W. Brann
United States District Judge

---

[7]   *Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971).